JOSEPH S. HART, APPELLEE, V. MICHAEL MCDONNELL, APPELLANT.

FILED JUNE 4, 1902. No. 11,955.

1. **Sheriff**: SALE OF REAL ESTATE: CERTIFICATE OF LIENS: AUTHORITY. The authority of a sheriff or other officer to sell real estate under a decree of foreclosure, does not depend upon the procurement and filing of certificates of liens.

2. **Judicial Sale**: LIENS: CONFIRMATION. Where property brings at judicial sale two-thirds of its gross value, the sale should be confirmed notwithstanding the failure of the sheriff to file in the office of the clerk of the district court in due time the treasurer's certificate showing the amount of a tax lien.

APPEAL from the district court for Gosper county. Heard below before NORRIS, J. *Affirmed.*

*Webster S. Morlan,* for appellant.

*John T. McClure, contra.*

PER CURIAM.

This is an appeal from an order of the district court of Gosper county confirming a sale of real estate made by the sheriff of said county under a decree of foreclosure. The only ground upon which counsel rely for a reversal of the order is that the treasurer's certificate, showing a lien for taxes upon the property in question, was not filed in the office of the clerk of the district court until the day

of the sale. It appears to be conclusively established by the record that the sheriff applied to the treasurer and obtained from him a certificate showing that there was a tax lien upon the property amounting to $5.57, and that the amount of such lien was deducted from the gross value of the land, but that the certificate was not filed until the day of the sale. Notwithstanding this irregularity, we think, upon the admitted facts, the sale was properly approved and that the order of confirmation should be affirmed. The authority of the sheriff to make the sale did not depend upon the procurement and filing of the certificates of liens. That proposition is thoroughly established by the decisions of this court. *Craig v. Stevenson*, 15 Nebr., 362; *Smith v. Foxworthy*, 39 Nebr., 214; *American Investment Co. v. McGregor*, 48 Nebr., 779. The sheriff having, according to these cases, authority to sell, the only question to be considered is whether the owner of the equity of redemption was prejudiced by the irregularity of which he complains. The rule is well established that the failure of appraisers to deduct liens affords no sufficient ground for vacating the sale, where it appears that the property sold for two-thirds of its gross value. *La Selle v. Nicholls*, 56 Nebr., 458; *Bernheimer v. Hamer*, 59 Nebr., 733. The property here in question did sell for two-thirds of its gross value, and, since the appellant would not have been injured if the appraisers had failed to deduct the lien or had wrongfully deducted it, we are unable to perceive how the failure to file, in the office of the clerk of the district court, evidence of the existence of the lien could furnish any just ground for complaint.

The order of confirmation is

AFFIRMED.

NOTE.—*Sheriff.—Execution Sale.*—At a judicial sale, the sheriff simply sells the property of the defendant in the thing, whatever that property may be; and warrants nothing, either as to title or quality. The rule of *caveat emptor* applies *sine cera. Hart v. Hampton*, 7 T. B. Monroe [Ky.], 381, 18 Am. Dec., 186.—REPORTER.